IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUICHECU THOMAS TAIWO, § | |
| § | |
| Defendant/Movant, § | |
| § | |
| V. § | CIVIL ACTION  NO. H-06-3421 |
| § | CRIMINAL ACTION NO. H-03-081-12 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' "Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver; and Alternative Response to Petitioner's 2255 Motion and Motion for Dismissal" (Document No. 451), and Movant Buichecu Thomas Taiwo's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 447).  Having considered the Motion to Vacate, Set Aside or Correct Sentence, the United States' Motion for Summary Judgment, the record of the proceedings before the District Court in the underlying criminal case, the determinations on appeal, the affidavit of defense counsel, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Summary Judgment be GRANTED, that Movant Taiwo's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

I.      **Procedural History**

Movant Buichecu Thomas Taiwo ("Taiwo"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Taiwo's first motion pursuant to § 2255.

On March 10, 2003, Taiwo was charged by Indictment, along with 13 co-defendants, with one count of conspiracy to commit bank fraud (count one), one count of conspiracy to commit money laundering (count two), forty-four (44) counts of bank fraud (counts 3-46), one count of passport fraud (count 47), and one count of illegal re-entry into the United States following deportation (count 48). On May 1, 2003, Taiwo pled guilty to counts one and sixteen, pursuant to a written Plea Agreement. (Document No. 105). Thereafter, following the preparation of a presentence investigation report, to which Taiwo filed Objections (Document No. 161), Taiwo was sentenced on October 3, 2003, to sixty (60) months confinement on count one and ninety-seven (97) months confinement on count sixteen, with the terms of confinement to run concurrent with each other, but consecutive to a state court sentence, to be then followed by a five year term of supervised release. (Document No. 195). Restitution in the amount of $4,867,804.97 was also ordered. (Document No. 195). A Judgment of Conviction was entered on October 9, 2003. (Document No. 209).

Taiwo, despite having waived his right to appeal in connection with his written Plea Agreement, appealed his sentence to the Fifth Circuit Court of Appeals. On November 13, 2004, the Fifth Circuit affirmed Taiwo's sentence and conviction. (Document Nos. 404, 405). On April 29, 2005, the Supreme Court granted Taiwo's petition for writ of certiorari and remanded the appeal to the Fifth Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). (Document No. 411). Upon such reconsideration, the Fifth Circuit again affirmed

Taiwo's sentence and conviction. (Document Nos. 434 & 435). Taiwo then timely filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 447). The Government has filed a Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver; and Alternative Response to Petitioner's 2255 Motion and Motion for Dismissal" (Document No. 451), to which Taiwo has filed a response in opposition. (Document No. 453). The Government's Motion to Expand the record with an affidavit from Taiwo's defense counsel was granted on September 6, 2007, and Taiwo was afforded an opportunity to contest and/or controvert the statements of counsel therein. (Document No. 470). This § 2255 proceeding is ripe for ruling.

**II.   Claims**

Taiwo raises four claims in this § 2255 proceeding:

1. that his trial counsel was ineffective for: (a) failing to seek dismissal of the indictment based on the lack of allegations regarding the elements of the offense, Taiwo's purported role in the offense, and the amount of loss; and (b) failing to seek an evidentiary hearing at sentencing on his role in the offense;

2. that his guilty plea was not knowing and voluntary;

3. that it was unconstitutional for the court to order his federal sentence to run consecutive to a yet to be determined state sentence; and

4. that upon proper calculation, he was subject to a sentencing range under the Guidelines of 6-12 months.

The Government argues in its Motion for Summary Judgment that dismissal of Taiwo's § 2255 Motion to Vacate, Set Aside or Correct Sentence is warranted because Taiwo, as part of his written Plea Agreement, knowingly and voluntarily waived his right to collaterally challenge his

conviction and sentence in a § 2255 proceeding such as this. In the alternative, the Government argues that no relief is available to Taiwo on the merits of his claims.

**III.     Discussion – Waiver**

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *cert. denied*, 546 U.S. 962 (2005).

In this case, the record shows that Taiwo, as part of his written Plea Agreement, waived his right to appeal, including the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provides in this respect:

11.     The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge,  If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

12.     The defendant is aware that the defendant's sentence will be imposed in accordance with the USSCGM.  The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  The defendant is aware that Title 18m United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  **Knowing that, the defendant waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in Title 18, United States Code, Section 3742 except only that he may appeal any upward departure from the USSCGM not requested by the United States.**  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

13.     The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford a defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final.  **Knowing that, the defendant waives his right to contest or collaterally attack his conviction or sentence by means of any post-conviction proceeding.**

14.     In agreeing to waive his right to appeal his sentence or collaterally attack his conviction or sentence, the defendant is aware that a sentence has not yet been determined by the Court.  **The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.**  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, **in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly waives the right to contest his conviction or sentence by means of a post-conviction proceeding, and he knowingly waives the right to appeal the sentence except to the extent set out above.**

5

Plea Agreement (Document No. 106) at ¶ 11-14 (emphasis in original). In addition, at his Rearraignment, after making sure that Taiwo had personally read the Plea Agreement and had conferred with his attorney about the contents of the Plea Agreement, the Court carefully questioned Taiwo about the waiver provisions in the Plea Agreement:

> THE COURT: All right.
>
> All right. Then back here in Paragraph 12 each of you state that you are aware that the sentence in your case will be imposed in accordance with the United States Sentencing Commissions Guidelines Manual. And each of you is aware, this paragraph recites, of your right to appeal the sentence imposed. And then you see that bold black print there that comes up next. It means to read it carefully when you see that bold black print.
>
> It says that the defendant waives the right to appeal; that is, you give up your right to appeal the sentence to a higher court or the manner in which it was determined on the grounds set forth in Title 18 U.S. Code Section 3742, except only that he or she may appeal any upward departure from the guidelines manual not requested by the United States.
>
> So you understand that with that one exception, you are giving up your right to appeal your sentence to a higher court? You understand?
>
> DEFENDANT WALLACE: Yes, sir.
>
> DEFENDANT GROVE: Yes, sir.
>
> DEFENDANT TAIWO: Yes, sir.
>
> THE COURT: All right. Then over here in Paragraph 13 it also talks about your right under the Constitution and laws of the United States to make a later what is called a collateral attack upon your conviction or sentence after the conviction is final.
>
> So, in other words, after you have been convicted, after you've been sentenced, you have given up your right to appeal and after that judgment becomes final, if you're serving time in prison, sometimes the prisoner will then file what is called a Section 2255 action or Petition for Writ of Habeas Corpus, in which they ask the Court to come back and examine this whole proceeding and determine that some constitutional right was violated against you and release for that purpose.

And what this paragraph is saying, that knowing of that right, you waive your right to contest or collaterally attack his or her conviction or sentence by means of any post-conviction proceeding.

Is that your agreement, Ms. Wallace?

DEFENDANT WALLACE: Yes, sir.

THE COURT: Mr. Taiwo?

DEFENDANT TAIWO: Yes, sir.

THE COURT: Is that your agreement as well, Mr. Grove?

DEFENDANT GROVE: Yes, sir.

THE COURT: All right. Then Paragraph 14 states in this bold print here that any kind of estimate you may have gotten about the probable sentencing range is just that, it's a prediction, not a promise, it's not binding on the United States Probation Office, and most importantly it's not binding upon the Court which imposes the sentence. You understand?

DEFENDANT WALLACE: Yes, sir.

DEFENDANT GROVE: Yes, Your Honor.

DEFENDANT TAIWO: Yes, sir.

THE COURT: All right. And then there is some more bold print in that same paragraph it states, realizing the uncertainty in estimating what sentence the defendant may ultimately receive in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly waives the right to contest his conviction or sentence by means of any post-conviction proceeding, and knowingly waives the right to appeal the sentence, except for the extent set out above. You understand?

DEFENDANT WALLACE: Yes, sir.

DEFENDANT TAIWO: Yes, sir.
DEFENDANT GROVE: Yes, sir.

Rearraignment Transcript (Document No. 319) at 16-19. Following additional admonishments, and Taiwo's assurance that he had not been coerced, threatened or in any way forced to plead guilty, *id.* at 24-25, the Court determined that Taiwo's guilty plea was knowing and voluntary. *Id.* at 40.

Taiwo's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable. While Taiwo alleges that he was coerced into pleading guilty and that he was not given enough time to consider the Government's plea offer, Taiwo's defense counsel, Richard Kuniansky, disputes Taiwo's allegations. In an affidavit that has been accepted as an expansion of the record, the contents of which Taiwo has not contested, Kuniansky states:

> 4. On April 23, 2003[,] I met with Mr. Taiwo at the Federal Detention Center to discuss: (a) the evidence against him, (b) the Federal Sentencing Guidelines, and (c) plea negotiations. Mr. Taiwo did not dispute his guilt. However, he was very concerned about the dollar amount of loss that would be attributable to him under the guidelines and the leadership role, if any, that would be attributable under the guidelines. I advised him that these would be sentencing issues that would be contested.
>
> 5. On April 24, 2003[,] I negotiated a plea with Assistant United States Attorney (AUSA) Jay Hileman. The plea agreement was favorable in that the government agreed to dismiss counts 3-15, 17-46 and 47. These dismissed counts had an impact upon the guidelines.
>
> 6. On or about April 29, 2003[,] AUSA Hileman provided a plea agreement to me that comported with our discussions on April 24, 2003.
>
> 7. I reviewed this plea agreement with Mr. Taiwo on may 1, 2003. Mr. Taiwo is correct that this occurred in the Marshal's lock-up on the same day his plea was scheduled. We reviewed the plea agreement together in its entirety and Mr. Taiwo was satisfied with the plea agreement. At no time did I pressure Mr. Taiwo to accept the plea agreement.
>
> 8. Turning to the specific allegations in ground 2, Mr. Taiwo claims I came to him on May 1, 2003[,] at 11:00 a.m. in the holding cell of the court and stated

I had "good news for him". I don't recall the exact time, but that is probably correct. The plea was scheduled at 2:00 p.m. and I wanted to make sure we had plenty of time to review it in detail. I may have also told him I had "good news" since I was pleased the government agreed to drop numerous counts, including the money laundering count and the illegal re-entry count. The dismissal of these counts had a significant impact under the sentencing guidelines. Mr. Taiwo alleges that I told him everyone else in the indictment pled and he should too. Although I don't recall the exact words, I did tell him all of the defendants were pleading guilty, the case against him was overwhelming, and the plea agreement was a good deal. Mr. Taiwo alleges he asked me why there was no cap on the dollar loss. I don't recall this discussion, but I don't doubt it occurred. I would have explained to him that the government did not agree with his dollar loss figure and that it was a contested matter that would be addressed at sentencing. Mr. Taiwo alleges he requested more time to study the plea agreement, but I wouldn't allow it. That statement is absolutely false. According to Mr. Taiwo's timetable we had 3 hours to discuss the plea agreement. Moreover, I have never told a defendant there was not enough time to review a plea agreement. If necessary, I would request a recess, or a continuance. Mr. Taiwo states that I told him "This is the best deal you can get". Although I don't specifically recall one way or the other whether I made that statement, I don't doubt that I did. Moreover, it was a true statement. Mr. Taiwo adds that I told him to plead today "so as not to incur the wrath of the government for wasting their time and valuable resources". I never made that statement to this defendant or any other defendant. My concern is never whether the government wastes resources. My concern is always the defendant's best interest. Mr. Taiwo also adds I told him the government would be "lenient in their recommendation of sentence to the court if movant did not waste their time and valuable resources". I never told this defendant or any other defendant the government would be "lenient" in their recommendation, except where the prosecutor has explicitly informed me he/she will be lenient (for example, in the case of 5K1.1 for substantial assistance where the prosecutor tells me he/she will "go to bat" for the defendant).

9. Mr. Taiwo argues I did not request an evidentiary hearing on the contested sentencing factors, such as the defendant's role in the organization. Based on my experience, this District does not grant evidentiary hearings on such matters. Furthermore, the Fifth Circuit has upheld this practice. I did vigorously contest both in writing and orally the contested factors for which Mr. Taiwo now complains.

10. Mr. Taiwo also argues I was ineffective for failing to file a motion to dismiss the indictment. I was not aware then, nor am I aware now, of any basis upon which to dismiss the indictment.

11. Mr. Taiwo also contends I was ineffective for not complaining that the indictment did not set forth sentencing enhancements. This appears to be a "*Blakely* argument". At the time of this case, *Blakely* had not been decided, and attorneys had no reason to know they should have argued that sentencing enhancements should be alleged in the indictment. Even that argument disappeared after *Booker*.

Affidavit of Richard Kuniansky, attached to the Government's Motion for Summary Judgment (Document No. 451-2).

Based on Taiwo's statements at his Rearraignment as to the knowing and voluntary nature of his guilty plea, statements which carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) ("we give the statements during the colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions"), and the unconverted statements of defense counsel as to his explanation of the plea agreement to Taiwo, statements which support Taiwo's statements on the record at his Rearraignment as well as the District Court's determination that Taiwo's guilty plea was knowing and voluntary, the Government is entitled to summary judgment in this § 2255 proceeding based upon Taiwo's plea agreement waiver of his right to pursue relief under § 2255. There is no genuine issue of material fact as to the knowing and voluntary nature of Taiwo's guilty plea and the waiver of his right to file a § 2255 proceeding. Moreover, none of Taiwo's claims fall outside of the waiver provisions. Taiwo's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute, *see* 18 U.S.C. § 1344 (bank fraud) (statutory maximum 30 years), does not reflect an upward departure from the

Sentencing Guidelines that was not sought by the Government, and does not implicate *Booker*. *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). In addition, the Fifth Circuit has already determined that Taiwo's waiver of his right to appeal "is valid." (Document No. 435 at 2). Accordingly, the Government's Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver should be granted.

**IV.     Discussion – Merits**

In addition, even if Taiwo had not knowingly and voluntarily waived his right to seek relief under 28 U.S.C. § 2255, based on the Court's expanded record, no relief is available to Taiwo on the merits of his claims. As stated by Taiwo's defense counsel and as determined by the Fifth Circuit Court of Appeals, there was no basis for seeking the dismissal of a criminal indictment based on the absence of allegations regarding sentence enhancement factors. *See* Court of Appeals' opinion (Document No. 405) at 2 ("Taiwo has shown no defect in his indictment on the basis that it did not charge as elements of his offense those factors that enhanced his sentence."). Counsel was therefore not ineffective for failing to seek the dismissal of the indictment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that such deficiency prejudiced him). In addition, counsel was not ineffective for failing to seek an evidentiary hearing on Taiwo's role in the offense. As stated by defense counsel, and as is the general practice, evidentiary hearings are not held on sentencing factors. Moreover, Taiwo has made no showing that an evidentiary hearing would have

Sentencing Guidelines that was not sought by the Government, and does not implicate *Booker*. *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). In addition, the Fifth Circuit has already determined that Taiwo's waiver of his right to appeal "is valid." (Document No. 435 at 2). Accordingly, the Government's Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver should be granted.

**IV.     Discussion – Merits**

In addition, even if Taiwo had not knowingly and voluntarily waived his right to seek relief under 28 U.S.C. § 2255, based on the Court's expanded record, no relief is available to Taiwo on the merits of his claims. As stated by Taiwo's defense counsel and as determined by the Fifth Circuit Court of Appeals, there was no basis for seeking the dismissal of a criminal indictment based on the absence of allegations regarding sentence enhancement factors. *See* Court of Appeals' opinion (Document No. 405) at 2 ("Taiwo has shown no defect in his indictment on the basis that it did not charge as elements of his offense those factors that enhanced his sentence."). Counsel was therefore not ineffective for failing to seek the dismissal of the indictment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that such deficiency prejudiced him). In addition, counsel was not ineffective for failing to seek an evidentiary hearing on Taiwo's role in the offense. As stated by defense counsel, and as is the general practice, evidentiary hearings are not held on sentencing factors. Moreover, Taiwo has made no showing that an evidentiary hearing would have

been allowed if requested, or that the Court would have determined, following an evidentiary hearing, that his role in the offense was any less than that of a leader/organizer. With respect to Taiwo's claim that he was coerced into pleading guilty, as reflected in the record of the Rearraignment proceeding, and as stated by defense counsel, there was no such coercion. As for Taiwo's claim that the Court erred and violated his constitutional rights by ordering that his federal sentence run consecutive to a not-yet-imposed state sentence, the law in this Circuit is that a District Court has discretion to impose a federal sentence that is to run consecutive to a not-yet-imposed state sentence. *See United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991) ("All of these sentencing provisions indicate that the discretion exercised by the district court when determining whether to impose concurrent or consecutive sentences may consider subsequent sentences anticipated, but not yet imposed in separate state court proceedings."), *abrogated on other grounds*, *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006); *United States v. Blakey*, 2007 W.L. 1840822 (5th Cir. 2007) ("Blakey also contends that the district court erred in imposing the federal sentence to run consecutively to any not-yet-imposed state sentence. We have held that such a sentence is proper under 18 U.S.C. § 3584(a) and U.S.S.G. § 5G1.3"); *United States v. Guerrero*, 225 Fed. Appx. 239, 2007 W.L. 1170854 (5th Cir. 2007) ("The district court had the authority to impose Guerrero's sentence consecutively to a future state-court sentence."). Finally, Taiwo's complaints about the calculation of his sentence under the guidelines are complaints that were raised by defense counsel in his objections to the presentence investigation report, were considered by the District Court at sentencing, and were found to have been waived by Taiwo in connection with his valid waiver of his right to appeal. Claims that the Court incorrectly applied provisions of the United States Sentencing Guidelines are not cognizable under 28 U.S.C. § 2255. *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district

court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165 (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted). Therefore, none of Taiwo's claims warrant him any relief on the merits.

### V.     Conclusion and Recommendation

Based on the foregoing and the conclusion that there is no genuine issue of material fact as to the knowing and voluntary nature of Taiwo's guilty plea, and the knowing and voluntary nature of Taiwo's waiver of his right to collaterally attack his conviction, and that no relief is available to Taiwo on the merits of his claims in any event, the Magistrate Judge

RECOMMENDS that the United States' Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver (Document No. 451) be GRANTED, that Movant Buichecu Thomas Taiwo's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 447) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections

pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

    Signed at Houston, Texas, this 12th day of October, 2007.

_____
Frances H. Stacy
United States Magistrate Judge